IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES P. FREEMAN, #104060                                                      PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 2:06cv052KS-JMR

BOBBY KING, RONALD KING,
CHRISTOPHER EPPS, JOHN AND JANE DOES,
CORRECTIONAL MEDICAL SERVICES, and
MISSISSIPPI DEPARTMENT OF CORRECTIONS                                  DEFENDANTS

MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  The plaintiff, Charles P. Freeman, #104060,  an inmate currently incarcerated in the South Mississippi Correctional Facility, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. Upon review of the complaint and the records in this action, the Court finds that the plaintiff has failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e. Therefore, this case will be dismissed without prejudice.

Background

The plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 alleging that he had been denied adequate medical attention.  In the order [document #6] of March 8, 2006, the plaintiff was directed to provide this Court with a copy of his Certificate from the Administrator of the Administrative Remedy Program stating that he had administratively exhausted this claim as required in 42 U.S.C. § 1997e.  The plaintiff's response [document #9] states that he submitted his request for administrative remedies on January 24, 2006.   Additionally, the plaintiff states in another response [document #10] that he is waiting on the final result and he will provide a copy of the Certificate from the prison officials establishing that he has exhausted his administrative

remedies as soon as he receives it.

## Analysis

The controlling statute, 42 U.S.C. § 1997e, provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e clearly requires a state prisoner to exhaust available administrative remedies before filing a section 1983 suit and precludes him from filing suit while the administrative complaint is pending. *Wendall v. Asher*, 162 F.3d 887, 890 (5th Cir.1998). "Congress unambiguously expressed its intent that exhaustion be generally imposed as a threshold requirement in prisoner cases." *Id.*; *see also Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir.1998)("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - -that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").

The United States Court of Appeals for the Fifth Circuit illustrated the application of the statutory exhaustion requirement in *Wendall v. Asher*, 162 F.3d at 890, wherein Plaintiff was a prisoner who had failed to exhaust his administrative remedies. The district court dismissed his Section 1983 complaint without prejudice, and the dismissal was affirmed by the Fifth Circuit on appeal. *Id.* at 891. The Fifth Circuit held in pertinent part that the mere fact of a prisoner's failure to exhaust his administrative remedies does not end a court's analysis of the statutory exhaustion requirement and that the exhaustion requirement is subject to certain defenses. Ultimately, the Court affirmed the district court's dismissal without prejudice only after finding

that the plainitff/prisoner "has not raised any valid excuse for failing to exhaust his administrative remedies" and that "dismissal of [the prisoner's] claims in this case will not cause any injustice or render judicial relief unavailable." *Orange v. Strain*, 2000 WL 158328, at *2 (E.D. La. Feb. 10, 2000) *quoting Wendall v. Asher*, 162 F.3d 887, 892.  As stated above, plaintiff has failed to established that he has exhausted his available administrative remedies and he has not raised any valid excuse for his failure to exhaust his administrative remedies before he filed this complaint.  As such, this complaint will be dismissed.

## Conclusion

In light of the plain mandatory language of the statute, it is clear that this complaint must be dismissed for the plaintiff's failure to demonstrate that he has exhausted his administrative remedies.  Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the <u>11th</u> day of  May, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE