IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES FREEMAN                                                                           PLAINTIFF

VS.                                                            CIVIL ACTION NO.  2:06CV52KS-MTP

BOBBY KING, et al.                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

      This matter is before the court following the filing of a motion to dismiss and for a stay by defendants Christopher Epps and Ronald King ("Moving Defendants").  From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that the motion is not well taken and should be denied.

      Plaintiff Charles Freeman, currently an inmate at the Mississippi State Penitentiary in Parchman, Mississippi, alleges that he was deprived of adequate medical attention while formerly an inmate at South Mississippi Correctional Institution in Leakesville, Mississippi. Plaintiff filed his original Complaint on February 13, 2006, asserting violations of 42 U.S.C. § 1983.  By order dated March 8, 2006, plaintiff was directed to provide this court with a copy of his Certificate from the Administrator of the Administrative Remedy Program stating that he had exhausted his administrative remedies with respect to his claims, as required by 42 U.S.C. § 1997e.  Plaintiff failed to do so and on May 12, 2006, this court, *sua sponte*, entered an order dismissing this action without prejudice because plaintiff failed to establish that he had exhausted his administrative remedies.  On June 21, 2006, plaintiff filed an Amended Complaint with the required Certificate (dated April 29, 2006) attached.  By order dated June 27, 2006, this court

found that the Certificate satisfied the exhaustion requirement of 42 U.S.C. § 1997e.  This court subsequently reopened the case on July 17, 2006.

Defendants Christopher Epps and Ronald King ("Moving Defendants") moved to dismiss the Amended Complaint on August 25, 2006, on the ground that plaintiff had failed to exhaust his administrative remedies.[1]  Moving Defendants argue that plaintiff failed to demonstrate that he exhausted his administrative remedies because he did not verify that he complied with the Mississippi Department of Corrections Administrative Remedy Program - specifically, that he did not attach a Certificate of Completion to his complaint.  This argument is perplexing.  The required Certificate is attached to Plaintiff's Amended Complaint, filed with the court on June 21, 2006.  In its June 27, 2006 order, this court explicitly stated:   "The attachment of [plaintiff's] amended complaint...satisfies the exhaustion requirement of 42 U.S.C. § 1997e.  The court finds that plaintiff has sufficiently demonstrated that he exhausted his administrative remedies, by attaching the required Certificate to his Amended Complaint.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Moving Defendants' motion to dismiss and for a stay [# 22] is denied.

SO ORDERED and ADJUDGED on this, the 18th day of December, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] On December 1, 2006, when plaintiff's time to respond to the motion to dismiss had long since passed, this court entered an order that plaintiff show cause within ten days why the motion to dismiss should not be considered without response.  Plaintiff did not respond to the order to show cause and has still not responded to the motion to dismiss.